# EXHIBIT 7

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

Docket No. 6:23-cv-997

| | |
|---|---|
| PHARMACEUTICAL RESEARCH & MANUFACTURERS OF AMERICA | * * * |
| VERSUS | * * |
| LIZ MURRILL, LOUISIANA ATTORNEY GENERAL | * * |

Docket No. 6:23-cv-1042

| | |
|---|---|
| ASTRAZENECA PHARMACEUTICALS LP | * * |
| VERSUS | * * |
| LIZ MURRILL, LOUISIANA ATTORNEY GENERAL | * * |

Docket No. 6:23-cv-1307

| | |
|---|---|
| ABBVIE, INC., ET AL | * * |
| VERSUS | * * |
| LIZ MURRILL, LOUISIANA ATTORNEY GENERAL | * * |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

OFFICIAL TRANSCRIPT OF MOTION HEARING
HELD JUNE 6, 2024 IN LAFAYETTE, LOUISIANA
BEFORE THE HONORABLE ROBERT R. SUMMERHAYS,
UNITED STATES DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Deidre D. Juranka, CRR
United States Court Reporter
Western District of Louisiana

**A P P E A R A N C E S**

FOR PLAINTIFF PHARMACEUTICAL RESEARCH & MANUFACTURERS OF AMERICA:

> PHILIP J. PERRY
> Latham & Watkins
> 555 11th St NW, Suite 1000
> Washington, DC 20004

FOR PLAINTIFF ASTRAZENECA PHARMACEUTICALS, LP:

> ALLON KEDEM
> Arnold & Porter
> 601 Massachusetts Ave NW
> Washington, DC 20001

FOR PLAINTIFFS ABBVIE, INC., ET AL:

> MATTHEW S. OWEN
> Kirkland & Ellis
> 1301 Pennsylvania Ave NW
> Washington, DC 20004

FOR DEFENDANT LOUISIANA ATTORNEY GENERAL LIZ MURRILL:

> MICHAEL BRENT HICKS
> Baker Donelson, et al
> 450 Laurel St, 21st Floor
> Baton Rouge, LA 70801
>
> CAREY T. JONES
> LA Attorney General's Office
> 1885 N Third Street
> Baton Rouge, LA 70802

FOR INTERVENOR LOUISIANA PRIMARY CARE ASSOCIATION:

> RONALD S. CONNELLY
> Powers Pyles, et al
> 1250 Connecticut Ave NW, 8th Floor
> Wasington, DC 20036

1    regulation. The Supreme Court doubted that that had any
2    bearing on this case. *Astra* was a pricing case
3    involving a covered entity that wanted to sue
4    manufacturers for violating their pricing obligations
5    under Section 340B. The Supreme Court said no, you
6    can't do that. The Federal Government, specifically
7    ADR, has exclusive authority over pricing disputes.
8    *Astra* was not a preemption case, didn't address state
9    regulations that operate in traditional areas of state
10   regulation.
11       THE COURT: Let me ask you. What about the
12   argument raised by the plaintiffs that that really is, I
13   guess for lack of a better characterization, a false
14   distinction, that really there is no regulation of
15   distribution going on here because the distribution
16   doesn't change, that the same practices go forward but
17   the only thing that changes is the discount supplied to
18   products that would already been distributed to a
19   particular pharmacy?
20       MR. CONNELLY: Well, there is distribution going on
21   here. They discuss the replenishment model which they
22   contend is nefarious, but it's not. It's simply an
23   accounting mechanism. And there's a reconciliation to
24   ensure that 340B priced drugs are dispensed only to 340B
25   eligible patients and so the drugs go to eligible

```
11:26AM   1    patients, and the manufacturers are permitted to audit
11:26AM   2    that.  Under replenishment, the pharmacy has an initial
11:26AM   3    stock of drugs and so when a covered entity's patient
11:26AM   4    comes into the pharmacy for an initial prescription of
11:26AM   5    the 340B drug the pharmacy is not going to know that
11:26AM   6    that's a 340B eligible patient.  That's not in the
11:26AM   7    record the pharmacy has available.  So it dispenses the
11:26AM   8    drug, essentially loaning its inventory to the covered
11:26AM   9    entity, and then there's a reconciliation and
11:26AM  10    replenishment of that 340B priced drug; and that's the
11:26AM  11    distribution that the manufacturers are impeding.  Yes,
11:26AM  12    they'll distribute a drug; but they won't distribute a
11:26AM  13    340B priced drug.
11:26AM  14         In fact, AbbVie's contract pharmacy policy makes a
11:27AM  15    clear distinction between pricing and delivery.  I'd
11:27AM  16    like to find the exact words, but their policy states
11:27AM  17    that covered entities are not permitted to direct
11:27AM  18    delivery of AbbVie's 340B priced medicines to contract
11:27AM  19    pharmacies.  So their own policy acknowledges that the
11:27AM  20    340B pricing has already occurred and what they want to
11:27AM  21    impede is delivery.
11:27AM  22         I'd like to address a few points that counsel for
11:27AM  23    the manufacturers made.  Mr. Perry mentioned a parallel
11:27AM  24    provision of the Public Health Service Act that was
11:27AM  25    enacted at the same time as 340B authorizing contract
```