UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| ABBVIE INC.; ALLERGAN, INC.; DURATA THERAPEUTICS, INC.; ABBVIE PRODUCTS LLC; PHARMACYCLICS LLC; and ALLERGAN SALES, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>DEREK BROWN, in his official capacity as Attorney General of the State of Utah; and JON PIKE, in his official capacity as Insurance Commissioner of the State of Utah,<br><br>Defendants. | **SCHEDULING ORDER**<br><br>Case No. 2:25-cv-00271<br><br>District Judge Robert J. Shelby<br><br>Magistrate Judge Daphne A. Oberg |

The parties filed a Stipulated Motion to Amend Proposed Scheduling Order,[1] seeking entry of a scheduling order in this case and three other related cases. The motion is granted in part and denied in part. The motion is granted as to the request to enter a scheduling order in this case (2:25-cv-00271), but denied as to the request to enter scheduling orders in other cases. Separate motions must be filed on the docket in each case, in the interest of transparency and completeness of the record in each case.

The court enters the following scheduling order in this case. These deadlines may not be modified without a court order consistent with Fed. R. Civ. P. 16(b)(4) and DUCivR 83-4.

---

[1] (Doc. No. 103.)

**DEADLINES ARE 11:59 P.M. ON THE DATE INDICATED UNLESS EXPRESSLY STATED OTHERWISE**

1. **PRELIMINARY MATTERS**

| | | | |
|---|---|---|---|
| a. | | Fed. R. Civ. P. 26(f)(1) Conference: *(date the conference was held)* | *12/30/2025* |
| b. | | Participants: David Wolf, Jason Dupree, and Lance Sorenson on behalf of Defendants; Matthew Owen, Meredith Pohl, and Riley Satterwhite on behalf of AbbVie. | |
| c. | | Fed. R. Civ. P 26(a)(1) Initial Disclosures: *(the parties have exchanged initial disclosures or will exchange no later than the date provided)* | *01/28/26* |
| d. | | Under Fed. R. Civ. P. 5(b)(2)(E), the parties agree to receive all items required to be served under Fed. R. Civ. P. 5(a) by the court's electronic-filing system or email transmission.<br><br>Electronic service constitutes notice and service as required by those rules. The right to service by USPS mail is waived. | Yes ☒  No ☐ |

2. **PROTECTIVE ORDER**

| | | | |
|---|---|---|---|
| a. | | The parties anticipate the case will involve the disclosure of information, documents, or other materials that will be designated as confidential. | Yes ☒  No ☐ |
| b. | | If the case will involve the disclosure of information, documents, or other materials that will be designated as CONFIDENTIAL, then good cause exists for the court to enter the court's Standard Protective Order (SPO) under DUCivR 26-2: *The Parties have agreed to abide by the SPO and have been acting as if it has been entered on the docket, particularly with respect to third-parties who have produced documents they request be kept confidential. The Parties here also agree that third-party discovery taken in any of the Related Cases, and subject to the SPO applicable in each case, may be shared and used by any party in any of the Related Cases.* | |

3. **DISCOVERY PLAN**

| | | | |
|---|---|---|---|
| a. | | <u>Discovery Plan</u>: The parties agree to the following discovery plan. | Yes ☒  No ☐ |
| b. | | <u>Discovery Subjects</u>: *Plaintiffs are currently pursuing third-party discovery, and the parties agree tailored first-party discovery is* | |

|   |   | |
|---|---|---|
|   |   | *appropriate, on the following topics: (1) the relationships between covered entities, contract pharmacies, and third-party administrators as it pertains to 340B; (2) the replenishment model; (3) the use of 340B revenue; (4) 340B patient eligibility; (5) economic impact and interference with reasonable investment-backed expectations; (6) manufacturers' attempts to use HRSA's ADR process; and (7) manufacturers' implementation and operation of their 340B portals. Plaintiffs and Defendants reserve the right to broaden these topics if necessary as new issues arise.* |
| c. |   | <u>Discovery Phases</u>:<br>• Will discovery be conducted in phases? If so, please explain. *No*<br><br>• Will discovery be limited to or focused on particular issues? If so, please explain and identify whether discovery will be accelerated on any issue and the due dates. *On May 5, 2025, the Court issued an order granting the parties Stipulated Motion for Expedited Discovery. As a result, the AbbVie Plaintiffs have been pursuing third-party discovery.* |
| d. |   | <u>Electronically Stored Information</u>: *The parties will meet and confer in good faith as to whether an Electronically Stored Information protocol is necessary.* |
| e. |   | <u>Privilege or Protection – Trial Preparation Material</u>: *The parties will meet and confer in good faith and submit to the Court any necessary proposed Confidentiality Order no less than thirty days after Defendants answer Plaintiffs' amended complaint.* |
| f. |   | <u>Generative Artificial Intelligence</u>: *The parties will meet and confer in good faith as to whether an Artificial Intelligence protocol is necessary.* |

4. **FACT DISCOVERY**

|   |   | | |
|---|---|---|---|
| a. | Fact Discovery Limitations— | | |
|   | 1. | First Party Depositions would be limited to the following: |   |
|   |   | Anyone who will be a trial witness for either party |   |
|   |   | Anyone who submits a declaration in support of a party in this case |   |
|   |   | To the extent not covered by trial witness and declarants, each side may obtain the deposition testimony of one corporate 30(b)(6) witness on the following relevant topics: (1) the relationships between covered entities, contract pharmacies, and third-party administrators as it pertains to 340B; (2) the |   |

|   |   |   |   |
|---|---|---|---|
|   |   | replenishment model; (3) the use of 340B revenue; (4) 340B patient eligibility; (5) economic impact and interference with reasonable investment-backed expectations; (6) manufacturers' attempts to use HRSA's ADR process; and (7) manufacturers' implementation and operation of their 340B portals. Plaintiffs and Defendants reserve the right to broaden these topics if necessary as new issues arise. |   |
|   | 2. | Third Party Depositions per side.  This limit applies to the Defendants and the Plaintiffs collectively in the Related Cases. | _10_ |
|   | 3. | Maximum number of hours for each deposition: (*unless extended by agreement of parties*) | _7_ |
|   | 4. | Maximum number of interrogatories as to any parties from any party:<br><br>The parties may request interrogatories sufficient to show information relevant to the topics of discovery noted in the deposition section above.  If any party concludes additional discovery is needed, the parties will meet and confer in good faith and attempt to accommodate a reasonable request or else promptly present the dispute to the Court for resolution. |   |
|   | 5. | Maximum requests for admissions by any party to any party:<br><br>The parties may request admissions sufficient to show information relevant to the topics of discovery noted in the deposition section above.  If any party concludes additional discovery is needed, the parties will meet and confer in good faith and attempt to accommodate a reasonable request or else promptly present the dispute to the Court for resolution. |   |
|   | 6. | Requests for production by any party to any party:<br><br>The parties may request production of documents sufficient to show information relevant to the topics of discovery noted in the deposition section above.  If any party concludes additional discovery is needed, the parties will meet and confer in good faith and attempt to accommodate a reasonable request or else promptly present the dispute to the Court for resolution. |   |
|   |   |   |   |
| b. | Other Fact Discovery Deadlines— |   |   |
|   | 1. | Deadline for fact discovery to close: | _04/17/26_ |

5. **AMENDING OF PLEADINGS AND JOINING OF PARTIES**[2]

| | | | |
|---|---|---|---|
| a. | Deadline to file a motion to amend pleadings— | | |
| | 1. | Defendant: deadline to answer amended complaint | 01/22/26 |
| | 2. | Plaintiffs' deadline to move to amend | 02/20/26 |

6. **EXPERT DISCOVERY**

| | | | |
|---|---|---|---|
| a. | Filing of Notice of Designation required by DUCivR 26-1(a)(2)— | | |
| | 1. | Parties bearing the burden of proof: | 04/17/26 |
| | 2. | Parties not bearing the burden of proof: | 04/17/26 |
| b. | Service of Fed. R. Civ. P. 26(a)(2) Disclosures and Reports— | | |
| | 1. | All expert and supplemental expert reports, if any: | 04/17/26 |
| | 2. | Any rebuttal reports or disclosures: | 05/15/26 |

7. **OTHER DEADLINES AND TRIAL-RELATED INFORMATION**

| | | |
|---|---|---|
| a. | Deadline for filing opening cross-motions for summary judgment: | 06/12/26 |
| b. | Deadline for filing opposition briefs to the cross-motions for summary judgment: | 07/10/26 |
| c. | Deadline for filing reply briefs in support of cross-motions for summary judgment: | 08/07/26 |
| d. | Deadline for filing motions to exclude expert testimony: | 06/12/26 |
| e. | Deadline for filing a request for a scheduling conference with the district judge for the purpose of setting a trial date if no dispositive motions are filed: | 06/22/26 |
| f. | At the time of argument on motions for summary judgment, the court will discuss the scheduling of trial. Counsel should come to the hearing prepared to discuss possible trial dates. If the schedule set forth herein is not extended, the parties can generally expect that trial will be set sometime during the 1st quarter of 2027. | |

DATED this 6th day of February, 2026.

BY THE COURT:

_Daphne A. Oberg_
Daphne A. Oberg
United States Magistrate Judge

---

[2] Counsel must still comply with the requirements of Fed. R. Civ. P. 15(a).